J-S45021-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAINY MARIE GIBSON | : | |
| | : | |
| Appellant | : | No. 631 EDA 2020 |

Appeal from the Judgment of Sentence Entered January 13, 2020,
in the Court of Common Pleas of Northampton County,
Criminal Division at No(s):  CP-48-SA-0000301-2019.

BEFORE:  BOWES, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED:  JANUARY 25, 2021**

Rainy Marie Gibson appeals *pro se* from the judgment of sentence imposing $275.00 in fines following her conviction of various summary offenses under the Vehicle Code.  Upon review, we conclude that Gibson waived her issues for appellate review, and therefore affirm.

The trial court set forth the brief facts as follows:

[Gibson] was stopped on July 24, 2019, at approximately 7:14 p.m. by Pennsylvania State Trooper Thomas Goodwin in Allen Township, Northampton County.  Trooper Goodwin observed [Gibson] driving northbound on Weaversville Road, and observed that [Gibson's] vehicle lacked an inspection or emissions sticker. Trooper Goodwin conducted a traffic stop, at which time [Gibson] initially stated she did not have her license and refused to provide her name or birthdate.  [Gibson] finally provided her name and birthdate, at which point Trooper Goodwin determined that her license was suspended.  Dashboard camera footage of the traffic stop was admitted at the hearing.

Trial Court Opinion, 5/18/20, at 1-2 (citations omitted).

Prior to the hearing in this matter, Gibson filed a **Brady** motion seeking pre-trial discovery.[1] The trial court denied the motion because Gibson was charged with summary offenses and was not entitled to discovery.[2] Additionally, Gibson filed a motion asking the court to dismiss the case for lack of jurisdiction and to suppress evidence, which the court also denied. The court overruled Gibson's objections to Trooper Goodwin's testimony.

Following the hearing, the trial court found Gibson guilty of one count each of driving while operating privilege suspended/revoked, failure to carry driver's license, failure to maintain evidence of emission inspection, and operating vehicle without inspection.[3] The court imposed a $200.00 fine for Gibson's driving while her operating privilege was suspended/revoked conviction and a $25.00 fine for each of the three remaining convictions.

On February 11, 2020, Gibson filed this timely appeal. On March 3, 2020, the trial court ordered Gibson to file a Pennsylvania Rule of Appellate Procedure 1925(b) statement within 21 days. The order further indicated that any issues not properly included in the statement would be waived.

---

[1] **Brady v. Maryland**, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) (holding that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.").

[2] **See Commonwealth v. Lutes**, 793 A.2d 949, 960 (Pa. Super. 2002).

[3] 75 Pa.C.S.A. § § 1543(a), § 1511(a), § 4706(c)(5), and § 4703(a).

Shortly thereafter, due to the Covid-19 pandemic, the Pennsylvania Supreme Court entered a series of administrative orders extending court filing deadlines. In particular, our Supreme Court ordered, *inter alia*, that any "legal papers or pleadings . . . which are required to be filed between March 19, 2020, and May 8, 2020, generally SHALL BE DEEMED to have been filed timely if they are filed by the close of business on May 11, 2020." ***In re: General Statewide Judicial Emergency***, Nos. 531 and 532 Judicial Administrative Docket at 5 (Pa. April 28, 2020). Furthermore, the president judge in each county was given discretion regarding enforcement of deadlines so as to ensure the health and safety of all. ***Id.*** The president judge in Northampton County did not extend the deadline beyond May 11, 2020.

Gibson filed her statement on May 18, 2020. The trial court complied with Pa.R.A.P. 1925.

Gibson raises two issues for our review:

1. Were [Gibson's] rights violated when the courts denied [Gibson's **Brady** request].

2. Were [Gibson's] rights under the Fourth, Fifth, [and] Sixth Amendment to the United States Constitution and Article One section Nine of the Pennsylvania Constitution and Article One Section 8 of the Pennsylvania Constitution violated where [Gibson] was without notice, without probable cause, without any appearance of an adverse party, where the judge was not an impartial party, but also prosecution, which is a conflict of interest and gives rise to a violation of due process.

***See*** Gibson's Brief at 3-4. The Commonwealth argues, however, that Gibson waived her issues because she failed to file her Rule 1925(b) statement timely.

Thus, before addressing the merits of Gibson's issues, we must first consider whether they are properly before us.

In relevant part, Pa.R.A.P. 1925 provides:

***

(2) Time for filing and service.

(i) The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement. Upon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental Statement to be filed.

***

(4) Requirements; waiver.

(vii) Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.

Pa.R.A.P. 1925(b)(2)(i) and (b)(4)(vii).

In **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998), our Supreme Court held that in order to preserve claims for appellate review, an appellant must comply with a trial court order to file a statement of matters complained of on appeal, pursuant to Pa.R.A.P. 1925(b).[4] **Id.** at 309. This

---

[4] We note that waiver may not apply when the trial court's 1925(b) order itself is deficient. Our Supreme Court has warned that:

Although the amendments to Rule 1925(b) were intended, in part, to address the concerns of the bar raised by cases in which courts found waiver because a Rule 1925(b) statement was either too vague or so repetitive or voluminous that it did not enable the judge to focus on the issues likely to be raised on appeal, *see* Pa.R.A.P. 1925 Comment, compliance by *all* participants, including

rule applies even if the appellant served the Rule 1925(b) statement on the trial judge who subsequently addressed the merits in an opinion. *See Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222, 225 (Pa. Super. 2014).

While this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. *Commonwealth v. Maris*, 629 A.2d 1014, 1017 n. 1 (Pa. Super. 1993). Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. *Commonwealth v. Lyons*, 833 A.2d 245, 252 (Pa. Super. 2003).

Here, Gibson's 1925(b) statement was originally due on March 24, 2020. Due to Covid-19, that deadline was extended to May 11, 2020, under our Supreme Court's emergency order. However, Gibson filed it on May 18, 2020, one week late. As noted, the president judge of Northampton County Court

_____

the trial court, is required if the amendments and the rule are to serve their purpose.

*Berg v. Nationwide Mut. Ins. Co.*, 6 A.3d 1002, 1012 (Pa. 2010). If the trial court's noncompliance with the Rule causes the party's noncompliance, courts have not found waiver. For example, in *Berg*, the Court declined to find waiver because the trial court failed to specify that "the Statement shall be served on the judge pursuant to (b)(1)." *Id.* Additionally, this court has declined to find waiver if the trial court does not expressly inform the appellant that "any issue not properly included in the Statement timely filed and served pursuant to subdivision(b) shall be deemed waived." *See Commonwealth v. Jones*, 193 A.3d 957, 961-962 (Pa. Super. 2018); *Commonwealth v. Bush*, 197 A.3d 285, 287 (Pa. Super. 2018). We therefore remind the trial court to fully comply with Rule 1925(b), including the newly amended 1925(b)(3)(iii), when issuing an order under this Rule.

of Common Pleas did not extend court filing deadlines beyond May 11, 2020. Furthermore, Gibson did not request an extension or indicate that the time deadline posed a significant danger to the health of one or more persons, or that compliance was unreasonable or impossible, given Governor Wolf's prevailing orders and directives. Accordingly, we are constrained to conclude that Gibson has waived both of her issues on appeal because she did not timely file her concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) under the extended pandemic deadline. Here, Gibson was told that failure to file would result in waiver of her appellate issues. This result is required even though the trial court considered the merits of Gibson's issues in its opinion. ***See Greater Erie Indus. Dev. Corp. supra***. Because Gibson has failed to preserve any issues for our review, we affirm her judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/25/21